In the Matter of the TRUSTEES OF THE PUBLIC PARK AT SYLVAN
BEACH.

GEORGE B. HERDER and Others, the Trustees of the Public Park at
Sylvan Beach, Appellants; JAY FARRIER, Respondent.

Fourth Department, May 9, 1923.

Municipal corporations — public parks — removal of trustees — petitioner
must show interest — General Municipal Law, § 142, construed —
reference to take testimony cannot be made on said petition — order
of reference was made in court's exercise of power of visitation and
inspection under General Municipal Law, § 145, in accordance with
Civil Practice Act, § 80, and was proper.

It seems, that in proceedings under section 142 of the General Municipal Law
to remove a trustee of a public municipal park, the petitioner must show that
he is an inhabitant in the interested town or that he has some other interest
in the trust or in the manner of its execution and in this case no such interest
was shown.

It seems, also, that an order of reference to take testimony offered by the parties
and to report the same together with the opinion of the referee cannot be
granted in proceedings under section 142 of the General Municipal Law.

Said order of reference may be sustained in this case on the ground that it was
intended to be made under section 145 of the General Municipal Law in the
exercise of the court's power of visitation and inspection under said section.
and in accordance with section 80 of the Civil Practice Act.

APPEAL by George B. Herder and others, as trustees, etc., from
an order of the Supreme Court, made at the Onondaga Special
Term and entered in the office of the clerk of the county of
Oneida on the 2d day of February, 1923, appointing a referee to
hear the testimony offered by the parties to this proceeding and
to report to the court.

J. & W. M. Gallagher [W. M. Gallagher of counsel], for the
appellants.

Edwin J. Brown, for the respondent.

CROUCH, J.:

If this proceeding as it now stands is one to remove the trustees
under section 142 of the General Municipal Law, as amended by
chapter 163 of the Laws of 1910, it is doubtful whether it can
stand.

It does not appear that the petitioner is an inhabitant of the
interested town, or that he has any other interest in the trust or
in the manner of its execution.   The paper signed by divers persons
requesting him to represent them does not supply such lack of

interest; nor does it in any event purport to be authority for anything except preliminary steps.

The notice given was not prescribed by the court, though objection to that omission has not been made.

The manner of trial has apparently not been directed. Upon the petition, answer, affidavits and other papers, the court made the order appealed from, by which the matter is sent to a referee " to take the testimony offered by the parties and to report the same, together with his opinion." Such a reference would be appropriate to inform the court as to the facts on a motion which would otherwise have to be determined on affidavits. (*People ex rel. Stearns* v. *Marr*, 88 App. Div. 422, 424.) But that is not the situation here, where there are distinct issues of fact arising on the formal petition and answer, to a trial of which the trustees are entitled under section 142 (*supra*).

The court has no power to order that testimony to be used on a trial should be taken before a referee. Hence the reference was not for that purpose. (*Farmers' Nat. Bank of Malone* v. *Houston*, 44 Hun, 567.) Had the court intended to direct a trial by the referee the order would have directed him to hear, try and decide the whole issue or some of the issues or to report upon one or more specific questions of fact involved in the issue. (Civ. Prac. Act, § 466.)

Under all the circumstances we are disposed to think that the order of reference, though entitled in and growing out of this proceeding, was intended to be made under section 145 of the General Municipal Law, as amended by chapter 163 of the Laws of 1910. The attention of the court having been called to the fact that some discontent existed with reference to the general management of Sylvan Beach Park, it determined to exercise its power of visitation and inspection under said section 145 and in accordance with section 80 of the Civil Practice Act.

It is doubtful whether the facts set forth in the petition are serious enough to constitute malfeasance or misfeasance in office, but they might very well warrant an inquiry. That inquiry, if it proceeds, should be conducted with as little expense as possible. It is quite probable, however, that if it be suspended, the coming season will see an end of the things complained of without more ado.

The order as thus interpreted should be affirmed, without costs.

All concur.

Order affirmed, without costs.